1  McGREGOR W. SCOTT
United States Attorney
2  ROGER YANG
Assistant United States Attorney
3  501 I Street, Suite 10-100
Sacramento, CA 95814
4  Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900
5
Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  2:18-CR-00258 MCE

                                 Plaintiff,    STIPULATION REGARDING EXCLUDABLE
12                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
                          v.                   ORDER
13
    HEIDI PHONG,                               DATE: June 11, 2020
14  LI JUAN WANG,                              TIME: 10:00 a.m.
    ZHEN SHANG LIN, and                        COURT: Hon. Morrison C. England, Jr.
15  FENG LI.

16                               Defendants.

17

18        This case is set for status on June 11, 2020.  On May 13, 2020, this Court issued General Order

19  618, which suspends all jury trials in the Eastern District of California "until further notice."  Further,

20  pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174,

21  and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

22  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

23  2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

24  entered to address public health concerns related to COVID-19.

25        Although the General Orders and declarations of emergency address the district-wide health

26  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

27  _____

28        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

2  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-

3  record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such

4  failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

5  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

6  findings on the record "either orally or in writing").

7        Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

9  emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the

10  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

11  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

12  § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of

13  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

14  such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

15        The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

16  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address

17  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

18  discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-

19  week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d

20  764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.

21  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

22  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

23  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

24  by the statutory rules.

25        In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27

28

justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on June 11, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until August 6, 2020, and to exclude time between June 11, 2020, and August 6, 2020, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes terabytes of data, chats that need translation, and voluminous records.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to examine the evidence, and conduct their own investigation.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because two of the defendants are currently residing in New York, an area heavily impacted by COVID-19 infections.  This has made travel to and from that area impossible, and made communications with defendants extremely difficult.

_____

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

f)	Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)	For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 11, 2020 to August 6, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1    4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3  must commence.

4    IT IS SO STIPULATED.

5

6  Dated:  June 4, 2020                                McGREGOR W. SCOTT
                                                       United States Attorney
7

8                                                      /s/ ROGER YANG
                                                       ROGER YANG
9                                                      Assistant United States Attorney

10

11  Dated:   June 4, 2020                              /s/ Noa Oren
                                                       Noa Oren
12                                                     Federal Public Defender
                                                       Attorney for Defendant Zhen Shang
13                                                     Lin

14  Dated:   June 4, 2020                              NOLAN BARTON & OLMOS LLP

15

16                                                     /s/ Daniel B. Olmos
                                                       Daniel B. Olmos
17                                                     Attorney for Defendant Feng Li

18

19  Dated:  June 4, 2020                               /s/ J. PATRICK McCARTHY
20                                                     J. PATRICK McCARTHY
                                                       Counsel for Defendant
21                                                     HEIDI PHONG

22

23                                      **ORDER**

24    IT IS SO ORDERED.

25  Dated:  June 9, 2020

26

27  _____
    MORRISON C. ENGLAND, JR
28  UNITED STATES DISTRICT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME                    5
PERIODS UNDER SPEEDY TRIAL ACT