1  PHILLIP A. TALBERT
   Acting United States Attorney
2  ROGER YANG
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone: (916) 554-2700
   Facsimile: (916) 554-2900
5
   Attorneys for Plaintiff
6  United States of America

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11 | UNITED STATES OF AMERICA,           | CASE NO.  2:18-CR-00258 MCE

12 |                     Plaintiff,       | STIPULATION REGARDING EXCLUDABLE
   |                                      | TIME PERIODS UNDER SPEEDY TRIAL ACT;
   |                     v.               | ORDER
13
14 | HEIDI PHONG,                         | DATE: April 22, 2021
   | LI JUAN WANG,                        | TIME: 10:00 a.m.
   | ZHEN SHANG LIN, and                  | COURT: Hon. Morrison C. England, Jr.
15 | FENG LI.

16 |                     Defendants.

17

18         This case was set for status on April 22, 2021.  On May 13, 2020, this Court issued General

19 Order 618, which suspends all jury trials in the Eastern District of California "until further notice."

20 Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C.

21 § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

22 emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

23 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

24 entered to address public health concerns related to COVID-19.

25         Although the General Orders and declarations of emergency address the district-wide health

26 concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

27

   _____

28         [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
   request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
   will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

   STIPULATION REGARDING EXCLUDABLE TIME            1
   PERIODS UNDER SPEEDY TRIAL ACT

1  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

2  findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-

3  record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such

4  failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153

5  (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit

6  findings on the record "either orally or in writing").

7      Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8  and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial

9  emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the

10  judge granted such continuance on the basis of his findings that the ends of justice served by taking such

11  action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C.

12  § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of

13  the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of

14  such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

15      The General Orders and declaration of judicial emergency exclude delay in the "ends of justice."

16  18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address

17  continuances stemming from pandemics, natural disasters, or other emergencies, this Court has

18  discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-

19  week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d

20  764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed.

21  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to

22  exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

23  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated

24  by the statutory rules.

25      In light of the societal context created by the foregoing, this Court should consider the following

26  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

27

28

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date for the status hearing.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on April 22, 2021.

2.      The parties now request to continue the status conference until July 15, 2021. The parties now move to exclude time between April 22, 2021, and July 15, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes terabytes of data, chats that need translation, and voluminous records.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      Counsel for defendant desires additional time to examine the evidence, and conduct their own investigation.  The difficulties with interacting with the clients continue due to COVID restrictions.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because two of the defendants are currently residing in New York.  This, and the recent local spike in infections, has made travel to and from

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

that area impossible, and made communications with defendants extremely difficult.

    f)  Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    g)  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of April 22, 2021 to July 15, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

  4.  Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

*Remainder of this page intentionally left blank*

1    IT IS SO STIPULATED.

2

3

4    Dated:  April 14, 2021                    PHILLIP A. TALBERT
                                               Acting United States Attorney
5
                                               /s/ ROGER YANG
6                                              ROGER YANG
                                               Assistant United States Attorney
7
8    Dated:   April 14, 2021                    /s/ Noa Oren
                                               Noa Oren
9                                              Federal Public Defender
                                               Attorney for Defendant Zhen Shang
10                                             Lin

11   Dated:   April 14, 2021                   NOLAN BARTON & OLMOS LLP

12                                              /s/ Daniel B. Olmos
                                               Daniel B. Olmos
13                                             Attorney for Defendant Feng Li

14

15

16   Dated:  January 11, 2021                  /s/ J. PATRICK McCARTHY
                                               J. PATRICK McCARTHY
17                                             Counsel for Defendant
                                               HEIDI PHONG
18

19

20                              **ORDER**

21        IT IS SO ORDERED.

22   Dated:  April 27, 2021

23

24   _____
     MORRISON C. ENGLAND, JR.
25   SENIOR UNITED STATES DISTRICT JUDGE

26

27

28